IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| IN RE | ) |
| FLAGSHIP HOTEL, LTD., | ) CASE NO. 04-81356-G3-11 |
| Debtor, | ) |
| FLAGSHIP HOTEL, LTD., | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 05-8042 |
| CITY OF GALVESTON, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

The court has held a hearing on "Defendant the City of Galveston's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Docket No. 7). This court previously denied the instant motion to the extent it sought a determination that this court lacked subject matter jurisdiction, and determined that, to the extent the instant motion goes to the merits and requires consideration of matters outside the pleadings, the motion would be treated as a motion for summary judgment pursuant to Fed. R. Bankr. P. 7012(b)(6) and 7056 (Docket No. 18). The following are the Findings of Fact and Conclusions of Law. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are

considered Findings of Fact, they are adopted as such.

## Findings of Fact

Flagship Hotel, Ltd. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 31, 2004.  Debtor's Chapter 11 plan was confirmed by order entered November 1, 2005.

On July 22, 2005, Debtor filed the complaint in the instant adversary proceeding.  In the complaint, Debtor seeks collection, pursuant to Section 542 of the Bankruptcy Code, of an alleged overpayment of water charges assessed by the City of Galveston ("City").  Debtor contends that, after the City approved a "water adjustment program" reducing Debtor's water charge from 1990 to 1995, the City subsequently demanded payment of the full retroactive charge, without any deduction for the water adjustment program.

In its answer, the City asserts, <u>inter alia</u>, affirmative defenses of res judicata, failure to exhaust state remedies, and collateral estoppel.  (Docket No. 21).

In the instant motion, the City argues that Debtor is barred from seeking collection of the alleged overpayment by the doctrine of res judicata, for the reason that the issue was previously resolved by the state courts.  The City additionally argues that Debtor is barred from seeking collection for failure to exhaust its administrative remedies.

In response, Debtor argues that the City is equitably estopped to assert res judicata by its conduct, because Debtor reasonably relied on the water adjustment program, and because the City wrongfully compelled immediate payment by threatening to cut off water service to the hotel operated by Debtor.

Some of the pertinent facts are set forth in a March 14, 2002 opinion of the Texas Court of Appeals:  Debtor filed suit against the City, in the 405th Judicial District Court of Galveston County, Texas, asserting that the City improperly made demand for payment of $196,291.15 for municipal water service provided to Debtor between May 1990 and November 1995.  Debtor also sought a declaratory judgment that the disputed arrearage was in violation of a 1990 agreement approved by the City manager.  Debtor also sought an injunction preventing discontinuation of water service to the hotel.  A temporary injunction was granted by the state trial court, pending final resolution of the dispute.  The City appealed issuance of the temporary injunction to the Texas Court of Appeals. <u>City of Galveston v. Flagship Hotel, Ltd.</u>, 73 S.W.3d 422 (Tex. App.-- Houston [1st Dist.] 2002, no writ).

The Texas Court of Appeals held, in vacating the temporary injunction, that the Texas Water Code vested the Texas Natural Resource Conservation Commission ("TNRCC")[1] with

---

[1] The Texas Commission on Environmental Quality is the successor to TNRCC.  For brevity, the term TNRCC is used

exclusive appellate jurisdiction of the dispute between Debtor and the City, and thus Debtor was required to exhaust administrative remedies before the courts would acquire jurisdiction.  73 S.W.3d, at 427.

After the Texas Court of Appeals had ruled, the 405th Judicial District Court held that it lacked jurisdiction over the dispute regarding Debtor's alleged water service arrearage and the City's intention to discontinue water service to the hotel. A different Texas Court of Appeals upheld its ruling that it lacked jurisdiction.  Flagship Hotel Ltd. v. City of Galveston, 117 S.W.3d 552 (Tex. App.--Texarkana 2003, pet. den.).

Plaintiff first petitioned TNRCC for an emergency order.  TNRCC responded, by letter dated March 18, 2002, that it lacked jurisdiction to issue an emergency order.  TNRCC's letter states:  "This appears to be a billing dispute between Flagship and Galveston and the TNRCC has no jurisdiction to issue an emergency order in this matter."  (Second unlabeled exhibit to the second affidavit of J. Michael Fieglein, attached to "Plaintiff's Amended Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction").

Fieglein, who was Debtor's counsel in the state court cases, states in his second affidavit that Debtor petitioned the City to refund the alleged overpayment, on April 17, 2002, and,

throughout this opinion.

after the City failed to respond, filed on October 23, 2002 a petition with the TNRCC to review the "application for refund of the water charge overpayment made under protest." In the second affidavit, Fieglein states that TNRCC advised him orally that the March 18, 2002 letter was TNRCC's final position regarding jurisdiction.[2]

## Conclusions of Law

Summary judgment is appropriate where there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Rule 56(c), Fed. R. Civ. P., as made applicable by Rule 7056, Fed. R. Bankr. P.

Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file. Rule 56(e), Fed. R. Civ. P., as made applicable by Rule 7056, Fed. R. Bankr. P., requires the nonmoving party to go beyond the pleadings and by affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

---

[2] Fieglein's second affidavit does not address when he believes he received oral notification from TNRCC. However, the summary judgment evidence includes Fieglein's letter, dated June 1, 2004, addressed to TNRCC, in which he states that Debtor has "received no notice of hearing or other action by the Commission regarding the Petition."

The doctrine of res judicata bars litigation of all issues connected with a cause of action or defense that, with the use of proper diligence, might have been tried in the prior suit. National Union Fire Ins. Co. v. John Zink Co., 972 S.W.2d 839 (Tex. App.--Corpus Christi 1998, no writ).

In the instant case, neither the Texas Court of Appeals nor the 405th Judicial District Court made any determination with respect to the merits of the alleged overpayment.  Both courts determined that they lacked jurisdiction.  This court concludes that neither the ruling of the Texas Court of Appeals nor that of 405th Judicial District Court is res judicata of the causes of action asserted by Debtor in the above captioned adversary proceeding.

As to the City's contentions regarding Debtor's failure to exhaust administrative remedies, a defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. See Friendswood Dev. Co. v. McDade + Co., 926 S.W.2d 280  (Tex. 1996).

With respect to the dispute between Debtor and the City over alleged overpayment, the 405th Judicial District Court held that it lacked jurisdiction during 2003.  Fieglein's affidavit states that, as late as June 1, 2004, he continued to seek from TNRCC either administrative remedies or a determination that

6

Debtor had exhausted its administrative remedies.  Counsel for the City argues that the court should not consider Fieglein's affidavit, on grounds of hearsay.  However, the court notes that, in considering a motion for summary judgment, a nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The question of whether Debtor has exhausted its administrative remedies, taking Fieglein's statements regarding communications with TNRCC in the light most favorable to Debtor, is a genuine issue of material fact as to an affirmative defense on which the City will bear the burden of proof at trial.[3]

Based on the foregoing, a separate Judgment will be entered denying "Defendant the City of Galveston's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Docket No. 7).

Signed at Houston, Texas on January 9, 2006.

_____
HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

---

[3] The court does not reach the question of whether, if Debtor has not previously exhausted its administrative remedies, Debtor could conceivably exhaust its administrative remedies in the future, thus permitting the courts to acquire jurisdiction.