IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | ) | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| FLAGSHIP HOTEL, LTD, | ) | CASE NO. 04-81356-G3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| FLAGSHIP HOTEL, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 05-8042 |
| | ) | |
| CITY OF GALVESTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

The court has considered the "Defendant City of Galveston's 12(b)(1) Motion to Dismiss Adversary Proceeding for Lack of Subject Matter Jurisdiction" (Docket No. 70). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Flagship Hotel, Ltd. ("Plaintiff") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 30, 2004. The court confirmed a Chapter 11 Plan, by order entered

November 1, 2005.

In the instant adversary proceeding Plaintiff seeks recovery, pursuant to Section 542 of the Bankruptcy Code, of alleged overpayments of water bills to Defendant.

In the instant motion, Defendant contends that this court lacks subject matter jurisdiction to grant the relief requested. Defendant "requests and prays that the Court dismiss this Adversary Action for lack of subject matter jurisdiction, or want of any actionable claim under the Bankruptcy Code."

### Conclusions of Law

Under 28 U.S.C. § 1334(b), the court has "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11."

A cause of action under Section 542 of the Bankruptcy Code arises under Title 11. In re Controlled Release Technologies, Inc., 163 B.R. 519 (Bankr. N.D. Ill. 1994).

Defendant's argument in the instant motion goes to the question of whether the complaint states a claim upon which relief can be granted pursuant to Section 542, rather than whether the court has jurisdiction of a proceeding under Section 542. Thus, it is considered pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7012.

Section 542(b) of the Bankruptcy Code provides in pertinent part:

> [A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b).

In this court's unpublished opinion in <u>Innercraft Constr., Inc. v. Turner Constr. Co. (In re Innercraft Constr., Inc.)</u>, (Bankr. S.D. Tex., Adv. No. 92-4601, Slip Op., Dec. 28, 1992), this court held:

> Courts construing subsection (b) have concluded that to recover money, a defendant's liability must be undisputed. <u>In re F.R.L. Co.</u>, 58 B.R. 632, 633 (Bankr. E.D.Pa. 1985) ("Implicit in the bankruptcy concept of turnover is the idea that the property being sought is clearly the property of the debtor, but not in the debtor's possession").

The Bankruptcy Court will not enforce a debtor's claim through turnover orders unless the claim against the defendants is litigated in a court of competent jurisdiction or by agreement. <u>Satelco, Inc. v. North American Publishers, Inc. (In re Satelco, Inc.)</u>, 58 B.R. 781 (Bankr. N.D. Tex. 1986).

Neither this court's opinion in <u>Innercraft</u> nor the opinion in <u>Satelco</u> compels dismissal on the merits of the claim brought in the instant adversary proceeding. The court concludes that judicial economy is best served by abating the instant adversary proceeding, in order to permit the Plaintiff to

3

seek liquidation of any claim against Defendant in a court of competent jurisdiction, or by agreement.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on February 16, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE